## KELLOGG v. WITHERHEAD.

*Sale — of personal property,— what is. Delivery — mere words do not constitute an acceptance.*

Defendant agreed to purchase some hams, which plaintiffs were smoking, and gave directions as to the manner of smoking. After the smoking was completed plaintiffs weighed the hams, and piled them up on their own premises. Defendant called soon after, and said, " I suppose these are my hams," and one of plaintiffs said, " Yes, they are all weighed and ready for you to take away," in reply to which defendant bowed his head. *Held* (1) that the contract was one of sale, and not for work and labor ; and (2), that there was not a delivery to and acceptance by defendant of the hams.

APPEAL by defendant from a judgment in favor of plaintiffs entered upon the report of a referee.

The action was brought by Horace Kellogg and another against George Witherhead to recover the value of a quantity of hams destroyed by fire. Plaintiffs were engaged in the business of smok-

ing hams. Defendant was a grocer, whose store was near by that of plaintiffs. He had, previous to the winter of 1873, purchased smoked hams of plaintiffs. In that winter he verbally agreed to take all the hams and shoulders plaintiffs would smoke at ten cents a pound, and plaintiffs agreed to let him have them at that price. No definite time was fixed for delivery. Two lots were delivered and settled for under the contract. Defendant's agent inquired for more hams, but was informed plaintiffs had no more then, in reply to which the agent told plaintiffs to consider the next lot sold. Afterward plaintiffs procured a quantity of hams and placed them in their smoke-house. While the smoking was in progress the agent examined one of the hams, and directed that the hams be smoked more, and that birch wood be used in smoking, which was done. After the smoking was completed the hams were weighed by plaintiffs and piled up near the door in plaintiffs' store. The hams previously delivered to defendant had been taken by him in plaintiffs' store. Defendant was informed that the hams were ready for him. He replied, that he was then taking an invoice, but when that was completed he would go and take the hams away. Shortly afterward defendant came into plaintiffs' store, and, pointing to the pile of hams, said, "I suppose these are my hams?" One of the plaintiffs answered, "Yes, they are weighed and ready for you to take away." The defendant bowed his head, and then made a purchase of butter, which he took away. The parties were accustomed to deal on credit, and the plaintiffs the same day charged defendant with the butter and hams on their books. The next morning, before the hams were removed, the stores of both, plaintiffs and defendant, were destroyed. The weight of the hams was 1,046 pounds, worth, at the specified price, $104.60.

*Magone & Holbrook*, for appellant.

*L. M. & L. K. Soper*, for respondents.

Present — LEARNED, P. J., and BOARDMAN, J.

LEARNED, P. J. This was a contract for sale, not for work and labor. The plaintiffs were not to make the hams; they were to smoke them. Before the articles were put into the smoke-house, they were hams unsmoked ; when taken away, they were hams

smoked. The case of *Bates* v. *Coster*, 3 N. Y. Sup. 580, clearly states the doctrine, and is analogous to the present. It is unnecessary to repeat what is there said so well, or to cite the cases there collected.

The hams were not accepted and received. Mere words are not sufficient. *Shindler* v. *Houston*, 1 N. Y. 261; *Caulkins* v. *Hellman*, 47 id. 449. The goods were in plaintiffs' store, in their actual possession, and none of them had ever been accepted and received by the defendant. The property in them remained in the plaintiffs, and the loss must fall on them.

The judgment must be reversed and a new trial ordered, costs to abide the event.

*Judgment reversed and new trial ordered.*